UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER,<br>Plaintiff,<br>v.<br>M. WALLACE, et al.,<br>Defendants. | Case No. 26-cv-07887-VC<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Daniel Harper, a prisoner at California State Prison, Los Angeles County proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against M. Wallace and A. Corder, officers at Pelican Bay State Prison ("PBSP"). Harper has also filed a motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. For the reasons stated below, the Court orders Harper to show cause why his motion for leave to proceed IFP should not be denied, and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that

is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion to show that section 1915(g) does not bar pauper status in this case. *Id. Andrews* implicitly allows the court to raise the section 1915(g) problem *sua sponte*, but requires the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Harper's prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Harper is now given notice that the Court believes the following federal district court dismissals may be counted as dismissals for purposes of section 1915(g):

1. *Harper v. Sacramento County Sheriff*, No. 2:07-cv-0748-ALA (E.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim on June 19, 2007; case dismissed on November 14, 2007, for failure to file an amended complaint).
2. *Harper v. Wilcox*, No. 2:07-cv-1158-LKK-KJM (E.D. Cal.) (case dismissed on January 28, 2008, for failure to state a claim).
3. *Harper v. Costa et al.*, No. 2:07-cv-2149-LKK-DAD (E.D. Cal.) (case dismissed on

August 31, 2009, for failure to state a claim).

4. *Harper v. Morgan*, No. 2:08-cv-2526-GGH (E.D. Cal.) (case dismissed on June 16, 2009, for failure to state a claim).
5. *Daniel James Harper v. California State Prison Lancaster*, No. 2:24-cv-01154-JGB-KS (C.D. Cal) (dismissed as frivolous at IFP stage on March 8, 2024).
6. *Daniel James Harper v. California State Prison Lancaster*, No. 2:24-cv-01204-JGB-KS (C.D. Cal) (dismissed as frivolous at IFP stage on March 8, 2024).
7. *Daniel James Harper v. California State Prison Lancaster*, No. 2:24-cv-01766-JGB-KS (C.D. Cal) (dismissed as frivolous at IFP stage on March 8, 2024).

The Court has evaluated each of these cases based on their dismissal orders. *See Andrews*, 398 F.3d at 1120.

In light of these dismissals, and because Harper does not appear to be under imminent danger of serious physical injury because this case reflects an incident that occurred several months ago, Harper is ORDERED TO SHOW CAUSE in writing no later than **twenty-eight (28) days** from the date of this Order why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If Harper is so inclined, he may avoid dismissal by paying the $405.00 filing fee. In any event, the Court will continue to review under section 1915(g) all future actions filed by Harper while he is incarcerated and in which he seeks IFP status.

**Failure to file a timely response or failure to pay the full filing fee in full will result in the dismissal of this action without further notice to Harper.**

**IT IS SO ORDERED.**

Dated: November 16, 2026

VINCE CHHABRIA
United States District Judge